## JOHN B. CORBETT *vs.* JOSEPH W. NAYLOR *et al.*

PROVIDENCE—JANUARY 1, 1904.

PRESENT: Stiness, C. J., Tillinghast, Douglas, Dubois, and Johnson, JJ.

(1) *Mandamus. Moderators. Ballots. Elections.*

Gen. Laws cap. 11, § 41, provides that if for any reason it is impossible to determine the voter's choice for any office to be filled, his ballot shall not be counted for such office. Cons. R. I. art. 8, § 5, provides that the ballots for senators and representatives shall be counted by the moderator, who shall announce the result:—

*Held,* that where the votes cast had been counted by the moderator, the result announced and the ballots sealed up and delivered to the State Returning Board, *mandamus* would not lie to compel the moderator to count a certain ballot in favor of the petitioner.

*Held,* further, that under the above provisions all that could be accomplished by *mandamus* would be to compel the moderator to use his judgment in counting the ballot (which he had done), and not to direct him how to count it.

APPLICATION for writ of *mandamus.* Heard on demurrer and answer, and petition denied.

DUBOIS, J. The petitioner, a candidate for the office of representative in the General Assembly at the annual election held in November last, in the town of North Providence, seeks by *mandamus* to compel Joseph W. Naylor, the moderator in charge of said election, to count a certain ballot for the petitioner and to declare him elected to said office, and also to compel Thomas H. Angell, town clerk of said town, to issue a certificate of election to him.

The respondents demur to the petition upon the ground that the court is without jurisdiction in the premises, because, under the constitution, art. 4, § 6, "Each house shall be the judge of the elections and qualifications of its members" . . .

The petitioner suggests that the constitution does not provide that either house shall be the sole judge of the election of its members.

It may be observed that neither does the constitution of the United States.

The provision is that each house shall be the judge, not a judge or one of the judges, of such elections and qualifications; and hence, logically it follows that each house is the sole judge thereof.

It appears by the answer of said Naylor that the ballot which the petitioner seeks to have counted in his favor was so marked that said Naylor as moderator was unable to determine therefrom what was the voter's choice for the office to be filled, and that, therefore, he did not count it as a ballot for said office; and also, that all the ballots cast at said election were sealed up and delivered to the State Returning Board and are now held by said board subject to the order of either house of the General Assembly.

(1)    Under the provisions of Gen. Laws R. I. cap. 11, § 41: "If a voter marks more names than there are persons to be voted for, for an office, or if for any reason it is impossible to determine the voter's choice for any office to be filled, his ballot shall not be counted for such office, but it shall be counted for all offices properly marked. . . . Ballots not counted shall be marked 'Defective' on the back thereof, and shall be preserved and returned with the other ballots," etc.

By the constitution, art. 8, § 5: "The ballots for senators and representatives in the several towns shall . . . be counted by the moderator, who shall announce the result," etc.

The duty of determining the voter's choice, in the first instance, evidently is imposed upon the moderator whose duty it is to count the ballots; and the question whether it is possible or impossible for him to determine the choice of the voter is one which he alone can answer. He has answered that it was impossible for him to so determine, and therefore the ballot was not counted for such office. The court is asked to order that the package containing the ballots be opened and the ballot taken out for examination, and after examination to determine for the moderator the voter's choice, and to command him to count it not only as a legal ballot but as a ballot for the petitioner.

In April, 1897, we decided in Miscellaneous Petition No.

2,426, Samuel M. Knowles, petitioner,* that "the ballots counted, having been sealed up and delivered to the town clerk, they are now beyond the control of the moderator and subject only to the action of the General Assembly."

Afterwards, January session, 1901, the following public laws were passed: chapter 825, creating a State Returning Board and defining its duties; chapter 828, relating to the election of senators and representatives in the General Assembly; and chapter 829, prescribing the manner of conducting elections. Under their provisions the ballots, including the one in dispute, have been delivered to, and are held by, said State Returning Board, subject to the order of either house of the General Assembly

Under these circumstances, we are of the opinion that the petition should be denied.

The function of *mandamus* is to compel the performance of a legal duty. To command action; not to review action. To complete the unfinished. It is the remedy for nonfeasance; not for misfeasance. It does not lie to correct mistakes that have been made, or to remedy wrongs that have been done; nor to undo that which is done. In the present case nothing remains undone upon which the mandate can operate; all the provisions of Gen. Laws R. I. cap. 14, § 5, have been obeyed; the town meeting has been called, warned, and conducted; the

---

*PETITION OF SAMUEL M. KNOWLES, FOR WRIT OF MANDAMUS.

M. P. No. 2,426.

OPINION.

PER CURIAM. We are of the opinion that the provision of the constitution, art. 8, § 5, requiring that the ballots for senators and representatives in the several towns, after the polls are closed, shall be counted by the moderator, is mandatory, and that the requirement is not satisfied unless the ballots are actually counted by him. But we are further of the opinion that the result of the election having been ascertained, as set forth in the petition, by a count made partly by the clerk and partly by the moderator, and the ballots so counted having been sealed up and delivered to the town clerk, that they are now beyond the control of the moderator and subject only to the action of the General Assembly. Hence we think the order asked for should not be made. Petition denied and dismissed.

lists have been canvassed; the votes have been counted, and the result of such votes has been declared by the moderator; and the ballots have been sealed up and delivered to the State Returning Board; nothing remains unfinished. But the petitioner claims that the votes have not been counted properly, and he desires what would be in effect a recount.

The ballot has been counted in the sense that it has been accounted for. It has been subjected to the scrutiny of the moderator, and its value as a ballot has been weighed and determined by him. His judgment has been exercised in the matter, and all that could be accomplished by *mandamus* issued in proper time would be to compel him to use his judgment and discretion in counting the ballot. The court could not direct him how to count it.

Regarding Gen. Laws R. I. cap. 14, § 5, aforesaid, upon which the petitioner lays stress, with the exception of the power to appoint a substitute to perform certain legal duties in case of failure, neglect, or refusal of the person upon whom the duty is imposed by law, its provisions are declaratory of the common law and confer no new power upon the court; and the provisions of sections 6 and 7 of said chapter merely enable the substitute so appointed to perform his duties as fully as the person originally qualified could have done. These three sections provide for the doing of that which remains undone, and do not contemplate the undoing of anything that has been done.

We find, therefore, that nothing remains to be done upon which a writ of *mandamus* can operate, and that the ballots are beyond the jurisdiction of the court. In this view of the matter we deem it unnecessary to further consider the constitutional question hereinbefore referred to.

*Comstock & Gardner,* for petitioner.

*Charles A. Wilson and Lefferts S. Hoffman,* for respondent.