## Riddell v. Childers, et al.

(Decided December 9, 1913).

### Appeal from Breathitt Circuit Court.

Elections—Failure of Officers to Certify Result—Mandatory Injunction to Require Certification of Vote.—When the election officers on the night of the election failed to make a certificate of the result of the vote or to fill out and sign the certificate on the stub book, they may be required by mandatory injunction after they have returned the papers to the county clerk to convene, and make such a certificate; and if they have no memorandum, made on the night of the election by which they can ccertify the vote, they should open the ballot box and use the tally sheet; or if that or some other memorandum is not to be had, they should count the ballots and make a certificate; and the election commissioners may be required then to meet and count the vote as thus certified.

HAZELRIGG & HAZELRIGG, CHESTER GOURLEY and ROBERT B. FRIEND for plaintiff and appellee.

SCOTT & HAMILTON and O'REAR & WILLIAMS for defendants and appellants.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Overruling Motion to Dissolve Injunction.

Hugh Riddell and James P. Adams were opposing candidates for circuit judge in the Twenty-third judicial district at the November election, 1913. At precincts 5, 9, 13, 15, and 16 of Breathitt County the election officers failed to fill and sign the certificate in the back of the stub book, and failed to make out any certificate showing the number of votes cast for each of the candidates for circuit judge. Riddell brought this suit against the election officers, the county board of election commissioners, the county clerk and James P. Adams to obtain a mandatory injunction requiring the election officers to certify the vote, and the election commissioners to count it when certified. Some of the election officers answered in substance that they were not furnished by the county clerk with a blank certificate for the certification of the result of the election for the office of circuit judge; that they made no certificate of the result, and did not remember how the vote was cast. Others of the election officers made no answer. The court granted an injunction by which he directed the election officers immediately to convene and make a certificate in the back of the stub book of the number of votes cast and counted at their respective precincts for Hugh Riddell and James P. Adams for the office of circuit judge; and it appearing from the answer of some of the election officers that they did not know the vote received by each of the candidates for circuit judge, and had no memorandum by which to ascertain such vote the court directed them that if, on assembling, they could not agree on the result of the election, and had no memorandum by which they could ascertain the vote, they should open the ballot boxes and ascertain from any memorandum that may be in the ballot boxes; and if they should find no memorandum in the ballot boxes by which they can ascertain the vote, they were directed to break the seal and count the ballots and in this event, after re-counting the vote, they should re-seal the ballots. In the event they were unable to unlock any of the boxes, they were directed to break the lock in order to secure the contents of the ballot boxes, and in that event they should secure another lock, and lock the boxes and return them to the County Clerk. The court also directed the Board of Election Commissioners as soon as the certificates were made by the election officers, to convene immediately and canvass and certify the vote of Breathitt County. A motion has been made before me to dissolve the injunction. All the other judges except Judge Turner sat with me in determining the matter.

In Bennett v. Richards, 83 S. W., 154, the officers of election had failed to certify in the back of the stub book the vote cast in two precincts for the candidates for Congress. The circuit court granted a mandatory injunction requiring them to convene and certify the result of the election. A motion was made before a judge of this court to dissolve the injunction. Overruling that motion Judge Nunn, speaking for the other judges who sat with him, said:

"It is evident that these votes were cast for plaintiff, Bennett, and that he is entitled to them. There is no pretense that the officers referred to were guilty of any wrongful or improper conduct. The only reason why plaintiff was in danger of losing these votes was because of the inadvertence or oversight of the election officers. The persons who cast these votes and the plaintiff should not lose them on this account. If there was anything in the record showing any fraudulent or improper conduct or acts of these officials, or anything impugning the verity of these votes, the case would be different. The facts of this case make it appear that the only thing to be done—the certifying of the votes by these officials—are ministerial acts."

The question was before us again in Preston v. Price, 85 S. W., 1183, and in that case we said:

"In Big Gap precinct the officers of election did not sign and return a certificate on the stub book, as required by the statute; but only the clerk of the election signed the certificate. The officers of the election, however, all testified to the accuracy of the returns, and offered to sign them. There is no dispute as to the fairness of the election or the correctness of the count. It was simply a mistake on the part of the election officers as to their duty in making the certificate. This is not sufficient to justify the throwing out of the precinct. The officers should have been allowed to sign the returns when they offered to do so, but the failure of the court to have this done worked no substantial prejudice to appellant."

The question again arose in McEuen v. Carey, 123 Ky., 536, where referring to the previous opinions, we said:

"It was the duty of the officers to return a true statement of the vote as shown on the tally sheet, and until this was done they had not performed their whole duty in the premises; and had they refused to make the correction, it is well settled in this State, that they would have been compelled to do so by writ of mandamus."

In Childress v. Pinson, 1010 S. W., 278, Weller v. Muenninghoff, 155 Ky., 77, McKay v. Grundy, 155 Ky., 115, the rule laid down in these cases is approved.

Section 1482 Ky. Stats., requires the election officers to immediately count the ballots and make a tally sheet of the count in the voting room and without adjournment or separation of the officers. This tally sheet they are required by the statute among other things to place in the ballot box and return the ballot box to the county clerk. The tally sheet, if the officers did their duty, would show how the votes were cast and counted. If they did not do their duty in this respect, then the result is that they have failed as required by law to count the votes for the office of circuit judge; and if they failed to count the ballots they have so far failed to do their duty, and may properly be required to do now what they should have done then. Election officers do not have it in their power by mere failure to do their duty to defeat the will of the people as expressed at the polls. The certificate of election is a valuable right; it entitles the holder to qualify at the beginning of the term; it gives him a *prima facie* right to the office; and these valuable rights may not be defeated by the simple failure of the election officers to do their duty. There is no distinction in this respect between an election of a Congressman and county officer or a State officer. In each case there is no other adequate remedy except a mandatory injunction; for the remedy by contest affords the person who is wronged none of the rights which a certificate of election confers upon him. (See Clark v. McKenzie, 7 Bush, 523, and the cases above cited.)

It appearing from the answer of some of the election officers that they did not know the vote received by each of the candidates for circuit judge, and had no memorandum by which to ascertain such vote, in directing them how to proceed if on assembling, they could not agree on the result of the election, and had no memorandum by which they could ascertain the vote, the court seems to have allowed them to certify the result of the election by agreement on assembling. This was not probably what he meant; for the result of elections is to be determined by the vote cast and not by the agreement of the election officers. If, when the election officers assemble, they have no statement of the vote made out on the night of the election, which they know to be correct, they should resort to the tally sheet in the ballot box; and if that is not to be had, and there is no other memorandum of the

vote which they know to be correct, they should open the ballots and re-count them as directed by the order of the circuit judge. To this extent the injunction is modified; but as thus modified it remains in force, and should be immediately obeyed by the election officers.

The motion to dissolve the injunction is overruled. All concur.