## Riddell v. Grinstead, et al.

## Alexander v. Grinstead, et al.

## Broadus v. Grinstead, et al.

## Richardson v. Grinstead, et al.

## Horn v. Grinstead, et al.

(Decided December 9, 1913).

## Appeals from Estill Circuit Court.

1. Elections—Certification of Vote.—When the election officers on the night of the election made and signed four certificates of the vote, this is a substantial compliance with the statute although they failed to fill out and sign the certificate in the stub book.

2. Elections—Failure to Certify Vote of Precinct—Election Commissioners May Require.—When the county board of election commissioners in canvassing the vote, reach a precinct which is not properly certified, they should give notice of the fact to the officers and parties in interest; and allow a reasonable time for the defect to be supplied; and they do not perform their duty when they canvass the other returns omitting this precinct.

3. Elections—Election Commissioners—Duty of.—When they have not performed their duty, they may be required to meet and perform it, although they have already issued certificates based upon a partial performance of their duty.

HAZELRIGG & HAZELRIGG, CHESTER GOURLEY, ROBERT B. FRIEND, PENDLETON, BUSH & BUSH and JAMES K. ROBERTS for plaintiff and appellee.

SCOTT & HAMILTON, O'REAR & WILLIAMS and CLARENCE MILLER for defendants and appellants.

OPINION BY CHIEF JUSTICE HOBSON OVERRULING MOTION TO DISSOLVE INJUNCTION.

At the Riddell Precinct in Estill county at the November election in 1913, the election officers after count-

ing the ballots and tabulating them, made out and signed four certificates showing the number of votes received by each candidate at that precinct, but by oversight failed to sign the certificate in the stub book and returned the papers to the county clerk. The county board of election commissioners met as provided by law and began the tabulation of the votes cast in the county. Not completing their work on the first day, they adjourned from day to day. They did not reach Riddell Precinct until Saturday morning when they discovered the blank in the stub book. After some discussion as to what they should do, one of the commissioners withdrew on the ground that he was sick, understanding that the matter was postponed until Monday; but the other two not having this understanding after he left, and on Saturday night, proceeded to finish the tabulation of the vote, leaving out Riddell precinct and issued certificates. This action was then brought by the plaintiffs to obtain a mandatory injunction requiring the election officers to sign the return in the stub book and requiring the county commissioners to assemble again and properly tabulate the returns. The circuit court granted the injunction as prayed and this motion has been made before me to dissolve it. All the other judges except Judge Turner sat with me in determining the motion.

The propriety of the injunction as to the election officers is disposed of in the case of Hugh Riddell v. Hardin Childers, etc., this day decided, the case here being stronger for the plaintiffs than in that case; for the reason that the election officers made and signed four certificates showing the number of votes received by each candidate at the precinct, and this was a substantial compliance with the statute. (Anderson v. Likens, 104 Ky. 712.)

It remains therefore only to pass upon the propriety of the injunction as to the county board of election commissioners. In Clark v. McKenzie, 7 Bush, 523, the election commissioners failed to count 29 votes cast for Clark and issued a certificate to his opponent. Clark thereupon brought a suit to require the board by mandamus to count these votes and issue to him the certificate. Sustaining the circuit court in granting the mandamus, the court, after pointing out the duties required of the Board, said:

"Such duties are purely ministerial and the officers composing the examining board can be compelled by mandamus to perform them. In case the board refuses to is-

sue the certificate of election to the person receiving the highest number of votes for a county office, and relief by mandamus is withheld, the party aggrieved can have no remedy whatever. Possibly he might contest the election of the person to whom the certificate was improperly issued and recover the office. But the person receiving the highest number of votes is entitled to the certificate of election, and this cannot be awarded him by a contesting board. This certificate has an intrinsic value. It is the evidence of the election of the person holding it to the office claimed. As it cannot rightfully be withheld from the person receiving the highest number of votes, and as the law provides no other remedy by which it can be obtained, the circuit courts must have the power in all cases in which it is improperly refused to reach the officers composing the delinquent board by writ of mandamus. (Batman v. Megowan, 1 Met. 540.) Nor do we regard it an available objection that the board has already acted in the matter, as in this case. Inferior judicial tribunals cannot be controlled in their action by mandamus. They can be compelled to act; but having discretion in all judicial questions, they must in such be allowed to determine how they shall act. It is not so, however, with ministerial officers. Until they have performed the exact duties imposed upon them by law they must be considered as in default; and in a case like this it would be a legal anomaly to allow the examining board to rely upon the fact that they had issued the certificate of election to a party who had not received the largest number of votes, contrary to an express provision of the law, as a sufficient reason why they should not be compelled to perform an imperative duty. (People ex rel. Fuller v. Hillard, et al, 29 Ill.) ''

This case was followed and approved in Howes v. Walker, 92 Ky., 258, and in City of Louisville v. Board of Park Commissioners, 112 Ky., 409. In the latter case the board had issued a certificate and left uncounted a number of precincts in the city; although more than six months had elapsed, and a new board had come in, the mandamus was awarded. These cases were recently approved in McKay v. Grundy, 155 Ky., 116, where the election commissioners had issued a certificate leaving out one precinct upon just such facts as we have here. The court said:

''In excluding the New Hope precinct the election commissioners were clearly mistaken as to their duty,

since they should have permitted the election officers of that precinct to meet and sign their certificate.''

Counsel is mistaken in supposing that the case of Steele v. Meade, 98 Ky., 614, or Booe v. Kinner, 105 Ky., 521, or Back v. Spencer, 68 S. W., 442, in any wise conflicts with the cases cited. In Steele v. Meade, the court recognizing the rule laid down in Clark v. McKenzie, said:

''If the canvassing board improperly performed its duty, then the writ of mandamus was the proper remedy; but if it did so properly, according to the returns before it, the remedy of the appellant was by inaugurating a contest before the proper board, as provided by statute in such cases.''

In the case at bar the canvassing board as shown below improperly performed its duty. In Booe v. Kinner, the question was whether the canvassing board could be directed by mandamus how they should count the disputed ballots. In that opinion the previous cases are recognized as authority where the duties of the board are merely ministerial, and the decision is put merely upon the ground that the board must exercise a discretion in counting the disputed ballots, and that this discretion cannot be controlled by mandamus, but that in the performance of its purely ministerial duty to open the envelope and examine the ballots, and to tabulate the votes actually counted by the election officers, they may be controlled by mandamus. In Back v. Spencer it was insisted that one of the returns was a forgery, and it was held that the board of canvassers must simply canvass the returns as made to them, they having no power to hear evidence and determine upon the genuineness of the returns.

In Mason v. Byrley, 84 S. W., 767, the canvassing board had not been properly constituted, and there had been no legal meeting of the board or legal action by it. The injunction was sustained on this ground; but in discussing the question, Judge Settle before whom the motion to dissolve the injunction was made, said that where a canvass of the returns has been made, and the result of the election declared by the officers charged by law with the performance of that duty, no power exists in such officers to make a recount, and that the chancellor will not compel them to do so. This is earnestly relied on here; but it is in effect only what was said in Steele v. Meade and it does not apply; for here the board has not

properly acted. It has not performed the duty the law imposed on it. It has canvassed part of the precincts, and until they canvass all the returns they have not canvassed the returns of the election. Having only performed part of their duty, they may be compelled to completely perform it. Potter v. Campbell, 155 Ky., 784.

It is the duty of the board under the statute to examine and canvass the returns of the election and give triplicate or more written certificates of election over their signatures of those who have received the highest number of votes. The board has not finished its work when it canvasses only a part of the returns; and when in canvassing the returns the board reaches a precinct which is not properly certified, it is their duty to give notice of the fact to the election officers and the parties in interest, and allow a reasonable time for the error to be corrected. To hold otherwise would be to hold out a premium for trickery, and destroy confidence in elections. Not unfrequently in presidential elections, the returns from some of the states have not been made as required by law; but it has been a universal custom to give notice of the defect and allow the mistake to be corrected. The same thing often happens with the state canvassing board, and so far as we know, the same rule has always been followed. Any other rule would allow the certificate of election to depend not upon the vote of the people, but upon the conduct of the election officers. The rule is to give effect to elections if the true result can be ascertained, and this rule applies to the county board of canvassers no less than other boards.

The board having canvassed only a part of the returns and issued a certificate without giving an opportunity for the missing certificate to be supplied, violated its duty, and having failed to perform its duty, was properly required by the circuit court to meet again and perform it.

The motion to dissolve the injunction is overruled. All concur.