# Wolff, et al. v. Clark.

(Decided December 18, 1925.)

## Appeal from Campbell Circuit Court.

1. Elections—Fraud or Mistake of Election Officers Ground for Election Contest, Under which Recount May be had on Showing that Integrity of Ballots has been Preserved.—Under Ky. Stats., section 1596a-12, fraud or mistake on part of election officers in counting or certifying result of election constitutes ground for contest under which, on showing that integrity of ballots has been preserved, a recount may be had, and result, if different, substituted for result certified by officers.

2. Mandamus—"Mandamus" to Compel Performance by Election Officers of Act Required by Law is Proper.—Election officers and board of election commissioners, being ministerial officers, may be compelled to perform acts required of them by law by writ of mandamus, defined under Civil Code of Practice, section 477, as an order commanding an executive or ministerial officer to perform or omit an act enjoined by law.

3.  Mandamus—Mandamus Not Proper to Compel Correction of Certi-
    fication of Election Officers.—Where election officers performed
    all duties enjoined upon them by election laws, mandamus will
    not lie to compel them to correct their certification of result of
    election, though it appears that certification was erroneous; such
    fact being only ascertainable by extrinsic evidence.

W.M. E. GALAGHER and BARBOUR & BASSMANN for appel-
lants.

L. J. CRAWFORD and O'REAR, FOWLER & WALLACE for ap-
pellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing.

At the late November election appellee, William F.
Clark, was the Republican and appellant, William C.
Buten, the Democratic candidate for county judge of
Campbell county, Kentucky.  As the returns from the
election were canvassed by the county board of election
commissioners appellant Buten appeared to have received
12,272 votes, and appellee Clark 12,262 votes.  Before the
certificate of election was issued and awarded, appellee
Clark instituted this action to compel the election officers
of precinct A of the third ward of the city of Newport
to meet again and certify to the county board of election
commissioners the correct number of votes received by
him and his opponent in that precinct, charging that,
whereas they had certified that Buten had received 52
votes and that Clark had received 87, as a matter of fact
Buten had received 83 and Clark had received 140 votes.
The petition sought to have them correct the return and
certify it to the county board of election commissioners
accordingly, and to have the members of the county board
of election commissioners reconvene and recanvass the
corrected vote and to issue the certificate of nomination
to him instead of to his opponent as they were about to
do.  The four election officers answered admitting the
allegations of the petition and that they had by innocent
mistake incorrectly certified the returns from that pre-
cinct as charged in the petition.  Appellee Buten was not
made a party to the proceeding, but interpleaded, became
a party thereto and filed a general demurrer to the peti-
tion.  The members of the county board of election com-
missioners likewise filed a general demurrer to the peti-
tion, and answered by denying that they had knowledge

or information sufficient to form a belief as to whether or not the mistake had been made in certifying the vote from that precinct as alleged in the petition.

The four election officers testified herein, and their testimony beyond question and without contradiction establishes that the mistake was made in certifying the vote from that precinct as alleged in the petition. The chancellor thereupon entered judgment directing the officers of the election of that precinct to reconvene and re-certify the vote cast in the race for county judge, and re-quiring the county board of election commissioners thereupon to reconvene and recanvass the returns and issue to appellee Clark the certificate of election, which would be shown by the corrected returns to be due him. This appeal has been prosecuted from that judgment.

The sole question presented is whether in the state of case presented the relief sought by appellee Clark may be obtained by writ of mandamus, as was attempted, or whether his remedy is by contest of appellant's election.

It will be conceded, as has uniformly been held by this court, that fraud or mistake upon the part of officers of election in any precinct in counting or certifying the result of the election constitutes grounds for contest, under which, upon a proper showing that the integrity of the ballots has been preserved, a recount of the ballots may be had and the result of the recount if different from may be substituted for the result certified by the officers of the election. Consequently it must be conceded at the threshold that if, as alleged and as appears to be true from the testimony herein, the officers of the election at the precinct in question by mistake made an erroneous certification of the number of votes received for both Clark and Buten, and that as a result of the mistake appellant Buten appeared to have been elected county judge of Campbell county by a majority of ten votes, whereas if the correct vote from that precinct had been certified appellee Clark would have been returned the winner by a majority of twelve votes, he has a remedy by insti-tuting contest as provided for in section 1596a-12, Kentucky Statutes.

It is contended for appellee Clark, and the trial court seems to have been of the opinion, that he also was en-titled to relief in the premises by writ of mandamus, and he cites and relies upon numerous opinions of this court in support of his contention.

The writ of mandamus, as defined by section 477 of the Civil Code, "is an order of a court of competent and original jurisdiction, commanding an executive or ministerial officer to perform an act, or omit to do an act, the performance or omission of which is enjoined by law; and is granted on the motion of the party aggrieved, or of the Commonwealth when the public interest is affected." It must be conceded that election officers and the county board of election commissioners are ministerial officers, and that in cases where they have not performed the acts enjoined upon them by law they may be compelled to do so by a court of competent and original jurisdiction. The record herein, however, discloses that after the polls had closed at the precinct in question, the election officers counted the votes cast and performed all of the duties enjoined upon them by the election laws, even to the certification on the form furnished for the purpose in the back of the stub book of the number of votes received at that precinct by each of the candidates for county judge. That certification, erroneous as it now appears to be, was returned to the proper office and remained in custody of the proper officials until delivered to the county board of election commissioners for canvassing the returns. As delivered to that ministerial body the certificate in the stub book was signed by all of the officers of election, as is required by law, and was in all particulars regular. That they had made a mistake and certified the vote incorrectly could be ascertained only by hearing extrinsic evidence.

Appellee insists that although that be true, since it now appears that they made a mistake and certified erroneously the number of votes received by the two candidates, they may by mandamus be compelled to certify the vote correctly as ascertained by their count. Many cases from this court are referred to and relied upon as upholding that contention. That many of those cases are not in point with the case now before us becomes manifest when the opinions disclose that mandamus was held to be the proper remedy when it appeared that the officers of election had made no return. Riddell v. Childers, et al., 156 Ky. 315, 160 S. W. 1067; Riddell v. Grinstead, et al., 156 Ky. 319, 160 S. W. 1069; Bennett v. Richards, 83 S. W. 154; Preston v. Price, 27 Ky. L. R. 588, 85 S. W. 1183; Childress v. Pinson, 30 Ky. L. R. 767, 1010 S. W. 278. In a case where persons not

entitled to had acted as members of the canvassing board and canvassed the returns it was held that that duty had not been performed, and those who should have done so were compelled to do so by mandamus. Batman v. Megowan, etc., 1 Met. 533. In cases where canvassing boards have, in performing the acts enjoined upon them, failed to canvass and take into account part of the returns certified to them, they have been compelled to do so by mandamus. City of Louisville v. Board of Park Commissioners, 24 Ky. L. R. 38; Clark v. McKenzie, 7 Bush 523. Those cases, as indicated, are not in point. In McEuen v. Cary, 123 Ky. 536, the case most strongly relied upon by appellee as sustaining the trial court's judgment herein, it appears that in the questioned precinct of McLean county, McEuen received 212 and Cary 153 votes. By mistake in certifying the returns McEuen was certified as having received 176 votes and Cary as having received 186. It appears that on the day following the election the officers of election discovered the error and informed Cary of it. With his consent they changed the certificate to show that McEuen had received 212 votes and Cary 153. Commenting upon those facts, appearing in that record, this court in that case said:

> "While the change was made to correct the manifest mistake in the certificate by the consent of appellee, we do not think his consent was necessary. It was the duty of the officers to return a true statement of the vote as shown on the tally sheet, and until this was done they had not performed their whole duty in the premises; and had they refused to make the correction, it is well settled in this state that they could have been compelled to do so by a writ of mandamus. Batman v. Megowan, 1 Metc. 533; City of Louisville v. Board of Park Com'rs, 65 S. W. 860, 24 Ky. Law Rep. 38; id., 77 S. W. 1133, 25 Ky. Law Rep. 1309; Bennett v. Richards (Ky.), 83 S. W. 154; Anderson v. Likens, 104 Ky. 699, 47 S. W. 867, 20 Ky. Law Rep. 1001."

That the quoted statements are *dicta* becomes manifest upon reading the opinion, from which it appears that it was written in a contested election case between the parties in which the evidence established that the integrity of the ballots had been so safeguarded as to authorize their being recounted and the result of the recount if differing from substituted for the number of

votes certified from the precinct in question by the election officers. As the pleadings and proof in that case authorized a recount of the ballots and a decision of the question as to which of the two contesting candidates had been elected to the office in question depended upon the showing of the ballots as the best evidence, regardless of the showing of the certificates of election returns from the various election precincts, the question as to whether the election certificates were regular or not or could have been corrected, as was suggested in the opinion or not, was wholly immaterial. The quoted portion from that opinion was written, not to uphold a writ of mandamus granted by the court of original jurisdiction but was written in an action contesting the election of the party to whom the certificate of election had been awarded and concerning a matter wholly immaterial to the determination of the question presented by the appeal. Besides, the authorities cited as sustaining those views, upon being carefully read, will be found not to do so.

None of the cases cited and relied upon by appellee as sustaining the judgment of the court of original jurisdiction in awarding the writ of mandamus herein are in point, in that none of them presented the same question now presented to this court. In cases where the writ of mandamus has been resorted to to compel precinct election officers to act no action had been taken by them. In this case the act that they are sought to be required to perform has been performed. The argument that they have not performed the duty enjoined upon them by law until they have acted in a manner wholly free of error is plausible, but under that argument most of the questions that may be raised by contest could be raised by a proceeding for mandamus. It could as well be urged that election officers have not performed the duties enjoined upon them by law when they permit a ballot to be voted upon the table without having administered the oath required to the one offering to vote, and that by mandamus they can be compelled to elminate all votes so cast in certifying the returns. It appears to the court that to adopt the views expressed in the *dicta* from McEuen v. Cary, quoted, *supra*, would be to open wide the door to fraud. If we may compel the election officers to change the certification of the vote as they made it, they certainly would have the right to do so without compulsion. The possibilities for fraud following a holding that after they have

once certified the vote the officers of election may change the certificate are too great. As was well said in Corbett v. Naylor, 25 R. I. 520, 57 A. 303:

> "The function of mandamus is to compel the performance of a legal duty. To command action; not to review action. To complete the unfinished. It is the remedy for nonfeasance; not for misfeasance. It does not lie to correct mistakes that have been made, or to remedy wrongs that have been done; nor to undo that which is done."

The exact question here presented was before this court very recently in Savage v. Elswick on motion to dissolve an injunction. All of the members of the court considered the question and carefully reviewed all of the authorities cited as sustaining the contention that mandamus lies to compel officers of election to correct a return regular on its face which they have made and without dissent reached the opposite opinion.

We, therefore, conclude that mandamus will not lie to compel the election officers to correct the return made by them but that appellee's remedy is by contest, which he may institute under the provisions of section 1596a-12, Kentucky Statutes.

The judgment herein, therefore, is reversed and this cause remanded, with direction that the petition be dismissed. The whole court sitting.