## Harris v. Caudill.

(Decided December 2, 1927.)

### Appeal from Johnson Circuit Court.

1. Elections.—Contest of election for school trustee must be filed within 10 days after final action of board of canvassers under Ky. Stats., sec. 1596a-12, which under present law is county board of education, in view of Ky. Stats. Supp. 1926, secs. 4426b-1, 4426b-3.

2. Elections.—Where contest of election for school trustee was instituted in time, no notice of contest was necessary, since Ky. Stats., sec. 1550-28 applies only to primary election, and under section 1596a-12, prescribing method of contesting regular elections, no notice of contest is necessary.

KIRK, KIRK & WELLS for appellant.

BLAIR & HARRINGTON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Reversing.

At the election held on May 7, 1927, Milt Harris and Alonzo Caudill were opposing candidates for the office of school trustee in subdistrict No. 36, Lower Frank's Creek, Johnson county. Harris received 25 votes and Caudill 26 votes. On the same day the record of the vote was certified by the officers of election. The poll sheet or book was delivered to the county board of education on May 14, 1927. On the same day the county board of education examined the poll sheet or book and approved of the election of Caudill. On May 19, 1927, Harris filed in the office of the clerk of the Johnson circuit court a petition in equity contesting the election. Summons was issued thereon and executed the same day. On motion of Caudill the petition was dismissed on the ground that the contest was not instituted in time. Harris appeals.

The case of Carpenter v. Hale, 159 Ky. 465, holding that a contest not instituted within 10 days after the certificate of returns was signed by the officers holding the election was not within time, is not controlling. Under the law then in force the returns were certified by the officers holding the election to the county superintendent, and no further canvass of the returns was contemplated. Under the act now in force the officers of the election keep a record book, in which the name of each voter and the candidate for whom he votes is recorded, and it is made

the duty of the officers to certify the record book and turn it over to the county board of education within 5 days after the election. Section 4426b-1, Kentucky Statutes, Baldwin's 1926 Supplement. Moreover, it is provided that:

"The first election to be held under this act shall be held on the first Saturday in May, 1923, and the trustees then elected shall qualify and enter upon the discharge of the duties of their respective offices as soon as the vote can be examined and certified by the county board of education." Section 4426b-3, Kentucky Statutes, Baldwin's 1926 Supplement.

While the latter section apparently applies only to the trustees elected on the first Saturday of May, 1923, a consideration of that section and of section 4426b-1 leads to the conclusion that after each election the record book shall be certified to the county board of education, and that the trustees then elected shall enter upon the discharge of their duties as soon as the vote can be examined and certified by the county board of education. In the case of a contested election for school trustee, the petition must be filed within 10 days "after the final action of the board of canvassers." Kentucky Statutes, section 1596a-12. Under the law now in force the board of canvassers is the county board of education. Here the final action of the county board of education was on May 14, 1927, and, the suit having been filed on May 19, 1927, the contest was in time.

Section 1550-28, Kentucky Statutes, providing for written notice of contest within 5 days after the election commissioners shall have awarded the certificate of nomination, applies only to a primary election. Under section 1596a-12, Kentucky Statutes, prescribing the manner and method of contesting regular elections, no notice of contest is necessary. All that is required is to file the petition and issue process thereon within 10 days after the final action of the board of canvassers. As the contest was instituted in time, and no notice of contest was necessary, it follows that the petition was improperly dismissed.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.