## Coleman v. Goff et al.

(Decided June 8, 1931.)

STRATTON & STEPHENSON for plaintiff.

O. M. GOFF and A. F. CHILDERS for defendants.

OPINION OF THE COURT BY JUDGE WILLIS—Dissolving injunction.

J. R. Coleman and George Coleman were candidates for the office of subdistrict trustee in a common school subdistrict in Pike county. Columbus Goff and Henderson Goff were election officers. The officers disagreed as to the right of seven persons to vote in the election. One of the officers recorded the votes of the persons challenged, and the other refused to join in certifying the returns. If the seven votes in question be counted, the candidates received the same number of votes. If they be excluded, J. R. Coleman was elected. The latter sued to compel the officers to certify the vote cast, expunging the names and votes of the seven said to be not legal voters. The circuit judge awarded an injunction, and a motion has been presented to revise the order. The statute (section 4426b-1) provides who shall hold the election and how the returns shall be certified. It will be seen that the election must be held by two persons, constitut-

ing the "officers of the election," who are required to keep a record book in which the name of each voter and the candidate for whom he votes is recorded, and the book must be properly certified by said officers and turned over to the county board of education, within five days following the election.

The county board of education is the board of canvassers, and a contest was formerly filed within ten days after the final action of the board. Ky. Stats., sec. 1596a-12; Harris v. Caudill. 222 Ky. 162, 300 S. W. 349. But by the present statute the contest must be filed "within thirty days after the election." Chap. 51, Acts of 1930, p. 161.

The two officers of the election are of equal dignity and power. Neither is judge nor clerk in the ordinary sense of the word. They must concur and co-operate in every step taken. If either objects, a vote may not be officially recorded or certified. As a practical matter, however, it would seem sensible for the officers to record the votes of challenged voters upon which division occurred and to certify the vote admitted to be legal, and then certify separately the challenged votes. But all that is mandatory under the statute is that the votes cast be recorded in the book and the book certified and delivered to the county board of education within the time limited.

The legality of the votes cast or rejected must be determined by a contest. The court can only require the officers to perform their statutory duties, and neither officer may be required to certify except as the statute directs.

Here one of the officers made up a list including the votes not challenged, and signed a certificate to the effect that it was the true and correct record. The other made up and certified a similar list, but added to it the votes cast by the seven persons whose right to vote was disputed by his colleague. The statute does not refer to such lists. It specifies a "record book," which must be certified and returned. Perhaps the record book and the two certificates of the officers, separately signed, might be adequate for the board of canvassers, but certainly the court may not require either officer to sign a separate certificate prepared by the other to which he objects. If the poll sheets were all that was furnished the election officers and they have been certified to the board of education as is indicated by the certificate of the County

Superintendent of schools on the back of the poll sheet exhibited in the record, there is nothing more that the election officers can do. It is in the hands of the canvassers.

It is suggested that the affidavit filed before Judge Wheeler was defective in failing to state, as required by section 273 of the Civil Code of Practice, that there was no circuit judge, or other judge of similar jurisdiction, present in the judicial district where the action was pending. This was not called to the attention of Judge Wheeler, and may not be vital in view of our conclusion. If a further hearing is desired, a new affidavit will have to be filed.

The injunction is dissolved, but without prejudice to a further application for such order as may be appropriate and consistent with this order.

The whole court sat with me in the consideration of this case, and all concur in the conclusions reached.