## Watts v. Glover et al.

(Decided June 12, 1931.)

C. F. SPENCER for appellant.

J. SMITH HAYS, HARVEY T. LISLE and BENTON & DAVIS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—
Affirming.

Section 4426b-1 of Carroll's Kentucky Statutes, 1930 edition, prescribes that trustees for subdistrict common schools shall be elected on the first Saturday in May,

between the hours of 2 and 4 p. m., "and shall be viva voce." It also prescribes the manner of conducting the election and for the appointment of the officers who shall hold it. At the election held in subdistrict No. 15 of Clark county on May 2, 1931, the appellant and plaintiff below, Hood Watts, and the appellee and defendant below, J. I. Glover, were rival candidates, and the officers holding and conducting the election certified the registration book containing the names of the voters in the election, and the person for whom they voted, to the county board of education within the five days provided for that purpose by the section of the statutes supra.

Before the board of education could or did issue its certificate certifying the result of the election (and which was to be arrived at solely from adding the number of votes cast for each candidate as appeared upon the book register), this equity action was filed by plaintiff in the Clark circuit court against Glover and members of the board of education to restrain the latter from issuing a certificate to Glover, who on the face of the votes cast, as shown by the election book, had received 59 votes to 51 as having been cast for plaintiff, and as grounds therefor it was alleged that certain named voters, who were shown to have cast their vote for Glover, were disqualified, for various reasons set out in the petition, and had no right to participate in the election, and for which reason it was alleged the board of education, as the canvassing board of the election, had no right to certify to the returns as appearing upon the registration book. Wherefore the injunction prayed for was sought, and the court was further asked to require the board to expunge from the registry book such alleged illegal votes, and when done, it would reduce the number of votes cast for plaintiff's opponent so as to make him receive a less number than were cast for plaintiff. The court sustained both the special and general demurrers filed to the petition, and, upon plaintiff's failure to amend, it was dismissed, from which judgment he prosecutes this appeal.

While the court did not state in its judgment the ground upon which it acted in making the complained of rulings, it is manifest that its action in doing so was upon the all-sufficient one that the actual relief sought by plaintiff was a contest of the election, and which could not be obtained by the character of action he employed. The question was expressly so adjudged by

us in the cases of Bass v. Katterjohn, 194 Ky. 284, 239 S. W. 53; Wolff v. Clark, 212 Ky. 435, 279 S. W. 658, and others referred to in those opinions. The rule so announced by us in those cases is in harmony and in complete accord with the declaration of text-writers and courts generally, to the effect that election contests cannot be tried by injunctive process, but must be prosecuted through the provided remedy for the purpose, if there be one; but, if there should be none, then the certification of the result of the election by the duly constituted officers for that purpose will be final. See, also, the case of Harris v. Caudill, 222 Ky. 162, 300 S. W. 349, in which we held that a contest of an election of this kind could be prosecuted only under the provisions of section 1596a-12 of our Statutes, supra, providing for the contest of final elections to office within this commonwealth.

Injunction is an appropriate remedy to require an official to perform his duty with reference to the conducting and certifying the results of an election, but it is no part of the duty of a canvassing board, such as the board of education in an election for school trustees, to investigate and adjudicate upon the legality of votes cast in the election. Its duty as such canvassing board consists merely in correctly adding up the number of votes cast for each candidate and issuing a certificate to the successful one or ones, if more than one trustee is to be elected. After the issuing of that certificate, an unsuccessful candidate may institute contest proceedings, if he so desires, under the provisions of section 1596a-12, supra, of our Statutes, as was held in the Harris Case, supra, and which is the exclusive remedy for determining the validity of votes cast in the election, or for purging the registration or poll book of any such alleged illegal votes. The questions involved were before this court on a motion made pursuant to section 297 of the Civil Code of Practice, before a member of this court in the case of J. R. Coleman v. Columbus Goff et al., from the Pike circuit court, and Judge Willis before whom the motion was made, submitted it to the whole court, and the conclusions herein expressed follow those reached therein.

Without further elaboration, it is sufficient to say that, for the reasons stated, the court properly dismissed the petition, and its judgment in doing so is affirmed.