## Davis v. Watkins et al.

(Decided November 27, 1931.)

262

WILLIAMS & ALLEN for appellant.

O. H. POLLARD for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant, G. C. Davis, who was the plaintiff below, brought this action in the Breathitt circuit court on May 4, 1931, against the members of the Breathitt county board of education and the county superintendent of schools, in which he sought a writ of mandamus requiring the defendants to permit him to qualify as trustee of school subdistrict No. 7 in Breathitt county, and requiring them to enroll his name on the records of the county board of education as trustee in subdistrict No. 7, and to recognize him as such trustee.

The following allegation appears in the petition:

"Plaintiff says that on the first Saturday in May, 1931, between the hours of 2 o'clock and 4 o'clock P. M. of said day, an election was held in said school subdistrict by the qualified voters thereof and that at said election he was duly and legally elected trustee of said subdistrict for the term of two years; that on Monday, the 4th day of May, 1931, and within five days from said Election he tendered and offered to file with the defendant, Breathitt County Board of Education (which was then in session) and Ervine Turner, Superintendent aforesaid, the returns, viz.: the Poll sheet of said Election which said poll sheet showed that this plaintiff had been duly and legally elected to the office of trustee in said subdistrict and had at said election received a majority of the votes cast."

It is further alleged in the petition that the defendants wrongfully, unlawfully, and in violation of plaintiff's rights, refused to administer the oath of office to him and refused to permit him to qualify for the office of trustee of subdistrict No. 7, and refused to recognize him as the trustee of such subdistrict.

The defendants filed an answer in which they averred that on March 4, 1929, the Breathitt county board of edu-

cation duly and legally made an order consolidating and uniting what was then school district No. 7 and other subdistricts with subdistrict No. 108, and that since that date school subdistrict No. 7 has been a part of and embraced wholly within subdistrict No. 108, and that an election was held in subdistrict No. 108 on May 4, 1931, by election officers duly and legally appointed by the Breathitt county board of education, and that one Burnam Bach was elected trustee and thereafter qualified and took the oath of office.

In a reply the plaintiff set out the order referred to in the answer consolidating subdistrict No. 7 and other subdistricts, and alleged that it was void for the following reasons as set out in the reply:

"The territory attempted to be affected by said alleged order is rough and mountainous with no improved roads or highways over which pupils could be transported to the High School building at Quicksand, Kentucky, and the patrons and pupil children residing within said alleged consolidated district No. 108 do not live within reasonable walking distance of the said high school building located at Quicksand, Kentucky, nor do the children of school age in subdistrict No. 7, live within reasonable walking distance of said High School Building; or within four miles of said school."

He later filed an amended petition, in which he alleged that the defendants had attempted to employ a teacher for subdistrict No. 7 for the school year beginning July 1, 1931, and had entered an order on the records of the Breathitt county board of education reciting the employment of the teacher and that this order was illegal and void and was entered in order to prevent the plaintiffs from naming a teacher or participating in any way in the control or management of the school in subdistrict No. 7 for the year 1931. In a second amended petition it was averred that the alleged consolidated district No. 108 which the Breathitt county board of education attempted to form by its order of March 4, 1929, includes all the territory formerly embraced in six subdistricts, including subdistrict No. 7; that it is approximately ten miles square and has no roads over which it would be practical to transport the children residing within its boundaries; that no provi-

sion had been made to provide transportation for the children, but school had been regularly conducted in each of the subdistricts since the order of consolidation was made; and that the sole purpose of the members of the board of education in making the order was to prevent the various subdistricts from electing trustees. Demurrers to the petition, first and second amended petitions, and reply were sustained, and a demurrer to the answer was overruled. The plaintiff declined to plead further, his petition as amended was dismissed and he has appealed.

It is appellant's contention that the order of March 4, 1929, consolidating six school subdistricts, without making any provision for the transportation of children who did not live within reasonable walking distance of the central school, is void because, under the circumstances, the county board of education abused a sound discretion in consolidating these subdistricts. But it is unnecessary to pass on this contention, in view of our conclusion that the petition as amended failed to state facts showing that appellant is entitled to maintain this action. See, however, Knox County Board of Education v. Fultz, —— Ky. —, 43 S. W. (2d) —, this day decided. The purpose of the action was to require the Breathitt county board of education to recognize appellant as the duly elected trustee of subdictrict No. 7. Before he can obtain the relief he seeks, he must allege and prove that he is the duly elected trustee of subdistrict No. 7.

Section 4426b-1 of the Kentucky Statutes provides that a subdistrict trustee shall be elected by the qualified voters of the district at an election conducted by two persons possessing all the qualifications of electors who reside in the district, to be appointed by the county board of education. The officers of the election are required to keep a record book in which the name of each person voting is recorded and the candidate for whom he votes, which book shall be properly certified by these officers and turned over to the county board of education within five days of the election. The county board of education is the board of canvassers. Harris v. Caudill, 222 Ky. 162, 300 S. W. 349; Coleman v. Goff, 239 Ky. 479, 39 S. W. (2d) 1003.

The petition as amended contained the general allegation that appellant was duly elected trustee at the elec-

tion held on the first Saturday in May, 1931. This is a mere conclusion of law. No facts are stated from which a court may determine the correctness of the pleader's conclusion. It is the duty of courts to declare conclusions, and of the parties to state the facts from which legal conclusions may be drawn. There is no allegation that an election was regularly and duly held nor that the election officers were appointed by the board of education as provided by law, nor that a record book kept by the officers of the election, in which the name of each person voting was recorded and the candidate for whom he voted, was properly certified by them and turned over to the county board of education. No facts are alleged in the petition as amended which would justify the appellees in recognizing the appellant as the duly elected trustee of subdistrict No. 7. It follows that the demurrers to the petition and amended petition were properly sustained.

Judgment is affirmed.