## Wesley v. Holt, Superintendent of Pulaski County Common Schools, et al.

(Decided May 3, 1932.)

SIMPSON PHELPS for appellant.

W. N. FLIPPIN for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—
Reversing.

W. D. Wesley and Charlie Elliott at an election held on the 2nd day of May, 1931, were opposing candidates for the office of subdistrict trustee in Ansel school district No. 80, Pulaski county, Ky., at which Elliott received 16 votes and Wesley 17. The officers of the election, at the time the votes were cast, kept a record on which the name of each person voting was recorded and the candidate for whom he voted, and, at the close of the voting, properly certified the returns and delivered same to the county board of education within five days of the election.

It is claimed in the petition that the county board of education failed and refused to count for Wesley the votes of Sarah and J. F. Haste, who, the returns of the election officers showed, had voted for him, on the ground that they were not residents of the district, leaving 15 votes for Wesley and 16 for Elliott. Thereupon, it declared Elliott elected, and issued and delivered the certificate to him accordingly. It permitted him to qualify as trustee of the district, and has since recognized him as trustee.

This action was instituted by Wesley against the members of the county board of education and Elliott asking the granting of a mandamus to compel the board to assemble and award the certificate to him. Both a special and a general demurrer were filed to the petition. The court overruled the special, but sustained the general, demurrer. Wesley declining to plead further, his petition was ordered dismissed, from which he appeals.

It is the contention of the members of the board and Elliott that, the certificate of election having been issued by the board to Elliott, the remedy of Wesley was exclusively a contest; and, having failed to file it within the time prescribed by the statutes, an action for a mandamus will not lie. To sustain this contention they cite and rely on section 1596a-12, Ky. Statutes, Supp. 1930, chapter 51, Acts 1930; Harris v. Caudill, 222 Ky. 162, 300 S. W. 349; Coleman v. Goff, 239 Ky. 479, 39 S. W. (2d) 1003; Wolff v. Clark, 212 Ky. 435, 279 S. W. 658; Corbett v. Naylor, 25 R. I. 520, 57 A. 303. Also it is the theory of the board and Elliott that the board discharged its statutory duty in the issuing of the certificate to Elliott, and, having done so, Wesley is bound thereby, because he did not contest the election within the time and in the manner provided by section 1596a-12, Ky. Statutes, Supp. 1930. If the refusal of the county board of education to count the votes of Sarah and J. F. Haste for Wesley, and its issuance of a certificate of election to Elliott according to its findings on its consideration of the election officers' returns, were a discharge of their statutory duty as fixed by section 4426b-1, Ky. Statutes, Wesley was limited to the remedy of a contest to avoid their action. On the other hand, if their action was not a discharge of their statutory duty, but was the exercise of the functions of a contest board, the same may be avoided by mandamus.

In Middleton v. Middleton, 239 Ky. 759, 40 S. W. (2d) 311, the board of trustees of the common school district declared a vacancy and elected another to fill it. It was written therein that their action was void for want of jurisdiction.

In Coleman v. Goff, 239 Ky. 479, 39 S. W. (2d) 1003, it was held that "the county board of education is the board of canvassers" of the returns made to them by the election officers under section 4426b-1, but the legality of the votes cast or rejected must be determined by contest.

In Watts v. Glover, 239 Ky. 562, 39 S. W. (2d) 1004, 1005, the court used this language:

"Injunction is an appropriate remedy to require an official to perform his duty with reference to the conducting and certifying the results of an election,

but it is no part of the duty of a canvassing board, such as the board of education in an election for school trustees, to investigate and adjudicate upon the legality of votes cast in the election. Its duty as such canvassing board consists merely in correctly adding up the number of votes cast for each candidate and issuing a certificate to the successful one or ones, if more than one trustee is to be elected.''

Adhering to the construction of section 4426b-1 as given to it in these cases, it is apparent that its rejection of the votes of Sarah and J. F. Haste and its issuance of a certificate to Elliott according to its finding, and not according to the returns made to it by the election officers, were acts not within the bounds of the board's statutory authority. In so doing it assumed and exercised the functions of a contest board, which were neither authorized nor permitted by section 4426b-1, which defines and limits its duty to that of counting the votes and certifying accordingly.

Its performance of such unauthorized acts was void, and Elliott's certificate based thereon was invalid. Such actions on its part were not a performance of its statutory duty, which, under the facts alleged in the petition, is yet unperformed by it. It may be compelled by mandamus to meet, discharge, and perform its statutory duty. Potter v. Campbell, 155 Ky. 784, 160 S. W. 763; Riddell v. Childers, 156 Ky. 315, 160 S. W. 1067; Riddell v. Grinstead, 156 Ky. 319, 160 S. W. 1069; Graham v. Treadway, 166 Ky. 768, 179 S. W. 1029; Scott v. Singleton, 171 Ky. 117, 188 S. W. 302; Bach v. Spencer, 68 S. W. 442, 24 Ky. Law Rep. 354; Anderson v. Likens, 104 Ky. 699, 47 S. W. 867, 20 Ky. Law Rep. 1001; State ex rel. Jackson v. Prather, 84 Kan. 169, 112 P. 829, 36 L. R. A. (N. S.) 1084.

Elliott argues that Wesley had unreasonably delayed filing this action. No such question can be raised on the consideration of the demurrer to the petition. The court erred in sustaining the demurrer to the petition.

Judgment reversed for proceedings consistent with this opinion.