# Feagain v. Dark Tobacco Growers' Cooperative Association.

(Decided April 29, 1924.)

## Appeal from McCracken Circuit Court.

1. Agriculture—Within Power of Legislature to Provide Conclusive Presumption of Landlord's Power to Control Delivery of Products. —It was within the power of the Legislature to provide a conclusive presumption of a landlord's power to control delivery of agricultural products raised by tenants, as was done by Acts 1922, c. 1, section 18(c), relating to co-operative marketing.

2. Agriculture—Tenant of Member of Co-operative Association Must Deliver Tobacco to Association.—Where tenant of a member of Tobacco Growers' Co-operative Association, organized under Acts

1922, c. 1, knew he was a member, the tenant was bound to sell his tobacco to the association, in view of section 18(c), creating presumption that a landowner is able to control delivery.

3. Injunction—Proper Remedy to Require Sale of Tobacco to Co-operative Association.—Injunction is proper remedy to compel member of the Tobacco Growers' Co-operative Association, or his tenant, to deliver tobacco grown to the association, under Acts 1922, c. 1.

EATON & BOYD for appellant.

BRADSHAW & McDONALD, AARON SAPIRO, ABE D. HALDA-MER and ROY B. GARRISON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

D. M. Garrett, who owned a tract of land in Mc-Cracken county, became a member of the Dark Tobacco Growers' Co-operative Association, a corporation which was organized under "The Bingham Co-operative Marketing Act," and thereby obligated himself to sell and deliver to the association all of the tobacco purchased by or for him, or acquired by him as landlord or lessor during the years 1922, 1923, 1924, 1925 and 1926. Thereafter he rented his farm to Will Feagain to be cultivated in tobacco, and Feagain knew that he was a member of the association. The tobacco was divided according to the contract of tenancy. Garrett was willing that the entire crop should be delivered to and sold through the association, but Feagain declined to deliver his portion, and indicated his purpose to sell the tobacco through someone else.

The Dark Tobacco Growers' Co-operative Association brought this suit against Garrett and Feagain to enjoin them from selling or delivering the tobacco to anyone else. The circuit court granted a temporary injunction which Judge Thomas, with the concurrence of a majority of this court, refused to dissolve. Thereafter the case was tried on its merits and a permanent injunction granted. Feagain, the tenant, has appealed.

A reconsideration of the question convinces us that the ruling on the motion to dissolve the temporary injunction was correct. The purpose of the statute was to afford the growers an opportunity to avail themselves of the advantage of a co-operative market. To this end it provides that the association and its members may

make and execute marketing contracts, requiring the members to sell, for any period of time, not over ten years, all or any specified part of their agricultural products or specified commodities exclusively to or through the association, or any facilities to be created by the association. Acts 1922, c. 1, sec. 17. It further provides that in any action upon such marketing agreement it shall be conclusively presumed that a landowner or landlord or lessor is able to control the delivery of products produced on his land by tenants or others, whose tenancy or possession or work on such land, or the terms of whose tenancy or possession or labor thereon were created or changed after execution by the landowner, landlord or lessor of such marketing agreement. Acts 1922, sec. 18c. It was within the power of the legislature to provide a rule of conclusive presumption on the question of the landlord's power to control the delivery of the products (Young v. Duncan, 218 Mass. 346, 106 N. E. 1), and as a conclusive presumption cannot be overcome by contrary proof, the effect of the provision is to put it out of the power of either the landlord or the tenant to plead or prove any fact tending to show that the landlord did not have such control. Here, Feagain knew that Garrett, the landowner, was a member of the association. He was charged with knowledge of the provisions of the statute, and Garrett's contract with the association. With this knowledge he undertook to raise the very tobacco which Garrett was under the legal duty to deliver to the association. In this undertaking he merely stepped into the shoes of Garrett, and whatever rights he acquired in the tobacco were subordinate to the prior legal right of the association to require that the tobacco be delivered to and sold through the association. Were the rules otherwise, every landowner, landlord or lessor could defeat his obligation and avoid all liability by merely contracting with another to raise tobacco on his land. As there can be no co-operative market unless the tobacco is delivered and sold through the association, it results that an injunction compelling delivery is the only relief worthy of the name.

Judgment affirmed.