## BOARD OF EDUCATION OF FLOYD COUNTY et al.

### v.

### MOORE.

Court of Appeals of Kentucky.

Dec. 4, 1953.

Rehearing Denied Feb. 26, 1954.

Joe Hobson, Prestonsburg, for appellants.

Combs & Combs, Prestonsburg, for appellee.

DUNCAN, Justice.

In this declaratory judgment action, the lower court decreed that the Floyd County Board of Education had no authority to reduce the salary of appellee, Gordon Moore, from $4,158 to $2,415.60 for the school year 1952–53. The construction of KRS 161.750 and KRS 161.760 is involved.

It is stipulated that appellee was first employed by the Board as assistant supervisor for the school year 1950–51. He was re-employed at the same position for the school year 1951–52 at a salary of $4,158. In March, 1952, the Board notified appellee in writing that his employment for the year 1952–53 would be only in the capacity of a teacher. Subsequently, on June 3, 1952, Palmer L. Hall, the outgoing county school superintendent, made his nomination of teachers throughout the county for the ensuing year, including the nomination of appellee as assistant supervisor. The Board promptly entered an order employing the teachers so recommended but temporarily deferring assignment. Subsequent to June 30, 1952, V. O. Turner, the new superintendent, made reassignments of some positions among the teachers previously recommended and employed, under which appellee was placed as a teacher in the Martin High School at a reduced salary of $268.40 per month for nine months, or an annual salary of $2,415.60. The position of assistant supervisor was not abolished but was filled by another person named by the new superintendent. Appellee performed the duties to which he was assigned, but objected to the reduction in salary. The record does not indicate that there had ever been a formal contract of employment between appellee and the Board such as is contemplated by KRS 161.730.

It is conceded that appellee from the time of his initial employment was a teacher as that term is defined in KRS 161.720. It is further conceded that there was no uniform plan for the reduction of salaries affecting the entire district for the school year 1952–53, although the salary paid appellee as teacher in Martin High School was equal to or slightly in excess of salaries paid in comparable positions for the previous year.

The Board contends that KRS 161.-760, in prohibiting reduction of salaries in the absence of a uniform plan affecting the entire district, relates only to teachers

who hold continuing contracts, KRS 161.-740, or to those employed for more than one year whose terms of employment continue throughout the succeeding year, KRS 161.750. Upon this premise, it argues that since appellee did not have continuing status and his employment as assistant supervisor was only for the school year 1951–52, he was not entitled to the protection of KRS 161.760.

KRS 161.750 deals with limited contracts. Insofar as it relates to periods of employment, it, in substance, provides that beginning teachers who have not been previously employed shall be employed for one year only. New teachers who have had at least one year's experience in districts other than the employing district may be employed for a period of from one to three years at the discretion of the board. Subsection (c) provides that:

"Upon reemployment after the termination of the first contract and subsequent contracts the new contract may be for not less than two years nor more than four years at the discretion of the board."

Appellee's first employment was for the school year 1950–51. The minimum term of his re-employment under the provisions of KRS 161.750(c) was two years, which would have extended throughout the school year 1951–52 and 1952–53.

■ Statutes imposing positive duties on public officers will ordinarily be construed as mandatory, particularly where such duties concern the public interest or the rights of individuals. 67 C.J.S., Officers, § 113, p. 399. The statute in question is clear in meaning and intent. It provides minimum and maximum terms of employment of teachers under limited contracts, and boards of education are required to comply with its terms. Under the facts of this case, the Board, upon the second employment, had no more right to employ appellee for one year than it did for ten years.

■ Appellants point to the use of the word "may" as indicating that the statute is intended to be merely permissive in character and attaches some significance to the fact that before its amendment in 1944 the word "shall" was used in its stead. The mere fact that an amendatory statute produces no actual change in the statute amended furnishes no reason for not giving effect to the amendment as written. 82 C.J.S., Statutes, § 384, p. 898. In this instance, however, other changes were made by the amendment, which are sufficient to explain the reasons for its enactment. We think the word "may" has reference to the discretion of the board in employing teachers under limited contracts within the minimum and maximum limits provided by the statute.

The Board had the unquestioned right to transfer appellee from the position of assistant supervisor to that of teacher in the Martin High School, but it had no authority to reduce his salary for the school year 1952–53, since his employment was required to extend through that term. Williamson v. Cassady, 311 Ky. 666, 224 S.W. 2d 934; Board of Education of Bath County v. Hogge, Ky., 239 S.W.2d 459; Marshall, Superintendent, v. Conley, Ky., 258 S.W.2d 911.

The judgment is affirmed.