### BOARD OF EDUCATION OF PIKE COUNTY et al.

v.

### JUSTICE.

Court of Appeals of Kentucky.

May 21, 1954.

E. N. Venters, Pikeville, for appellants.

Francis M. Burke, Pikeville, for appellee.

STANLEY, Commissioner.

After R. A. Justice had served as principal of the Feds Creek High and Grade School, the Pike County Board of Education transferred him to be principal of the Millard Graded School for the school year 1951–1952. The salary was then less than he had been receiving. Justice sued to enjoin the Board and its several members from reducing his compensation and prayed recovery of the accumulated difference. During the course of the case, he amended his petition and sought recovery for the year 1952–1953.

The defendants alleged the plaintiff's employment had been from year to year, and raised an issue as to the difference in compensation. In two other paragraphs the answer set forth factual reasons, one of which was his poor health, to justify the transfer of the plaintiff to the smaller school. The court sustained a demurrer to these two paragraphs of the answer. Judgment was rendered for the plaintiff on the proof and stipulation of facts. The amount of the recovery for the two school years is the aggregate of $50 a month with interest. It seems there was no difference in the amount of money he received because the standard of pay at the Millard School was raised. However, the standard was also raised at the Feds Creek School and had Justice not been transferred, he would have received $50 a month more.

The appellee does not challenge the authority of the Board to transfer him from one school to the other but denies its power to reduce his compensation. KRS 161.760 so provides where there is no uniform plan affecting the entire school district. However, the statute refers to a teacher "who holds a contract valid for the succeeding school year". The decision of the trial court that the Board could not reduce the teacher's compensation was rested on Williamson v. Cassady, 311 Ky. 666, 224 S.W. 2d 934; Board of Education of Bath County v. Hogge, Ky., 239 S.W.2d 459; and Greenup County Board of Education v. Harper, Ky., 256 S.W.2d 37. The cases are distinguishable. In the Williamson and Hogge cases the teacher had a "continuing contract" as defined in KRS 161.740. The Greenup County case presented only the question whether salaries of principals could be reduced where the reduction was not uniform for all teachers in the system.

Before and during the school year 1941–1942 the appellee, Justice, had been the Feds Creek High School principal for several years. The next year he was not employed in the Pike County school system. Beginning anew with the 1943–1944 session, he was employed as such principal year by year by the process of the Board accept-

ing the recommendation of the superintendent and making a minute thereof. This procedure was followed despite the provision of KRS 161.730 that "Each board of education shall enter into either limited or continuing contracts for the employment of all teachers." This is emphasized in KRS 161.750. That section effectually defines a "limited contract" to be one that shall be for a term of not less than two years nor more than four years upon re-employment after the first year.

[1] The same procedure had been followed in Floyd County as revealed in Board of Education of Floyd County v. Moore, Ky., 264 S.W.2d 292, 293. We held in that case that the provision of KRS 161.750 that a teacher's contract must be for a minimum of two years is mandatory, and that a board of education has no right to contract with the teacher for re-employment for one year only after he has had a year's service or "after the termination of the first contract". Our conclusion was that upon the termination of the employment for the first year, by operation of the law, Moore's employment extended through two school years although his contract was specified as for one year, and his salary could not be reduced during the second year. In the present case, the first employment following the hiatus in Justice's service at the Feds Creek School was, as stated, for the school year beginning in July, 1943.

 In accordance with the construction of the statute in the Moore case, after the termination of Justice's employment for the 1943–1944 term, his employment was by operation of law for a two-year "limited contract" beginning with the 1944–1945 term. Continuing, the re-employment was for two-year terms beginning with the even years. So, the contractual relation entered into in 1950 was for two years and terminated at the close of the 1951–1952 term. Therefore, though the Board could transfer Justice to the Millard School, it had no right or authority to fix his salary for that school year at less than was paid at the Feds Creek School. But it had such authority for the next two-year term at

the Millard School commencing in July, 1952, and the trial court should have so adjudged.

The appellants contend that the demurrer to their plea of justification should not have been sustained. They argue that for cause, in order to maintain efficiency and to solve personnel problems, boards of education have discretionary authority to transfer principals and teachers to positions more in keeping with their qualifications and capabilities even though the transfer results in decrease in the rate of pay. KRS 161.790 provides for the termination of a teacher's contract for certain causes, but not without charges having been preferred and a hearing granted in accordance with the procedure outlined. There was no allegation of this procedure having been observed in the paragraphs pleading the authority to demote the teacher. The demurrer was properly sustained.

To the extent that the judgment awards the difference in plaintiff's compensation for the year 1951–1952, it is affirmed. Judgment for the difference for the 1952–1953 term is reversed.