Garnet **COOKSEY**, Appellant,

v.

**BOARD OF EDUCATION OF FAIRVIEW INDEPENDENT SCHOOL DISTRICT** et al., Appellees.

Court of Appeals of Kentucky.

Dec. 13, 1957

Rehearing Denied Oct. 3, 1958.

Diederich & Lycan, Chesley A. Lycan, Ashland, for appellant.

Creech & Cox, Dempsey A. Cox, Ashland, for appellees.

CAMMACK, Judge.

This action was instituted in October, 1955, by the appellant, Mrs. Garnet Cooksey, against the appellee, Board of Education of Fairview Independent School District, its named members, and the Superintendent of the District, to require them to grant her a continuing teaching contract and to pay her a salary for the school year 1955–56. The trial court entered a judgment in October, 1956, which allowed Mrs. Cooksey a continuing contract effective September 1, 1955, but disallowed her claim for lost salary for 1955–56. Mrs. Cooksey has appealed from that portion of the judgment which denied her claim for lost salary and the Board has filed a cross-appeal from that portion of the judgment which allowed her a continuing contract.

On appeal Mrs. Cooksey contends that (1) she was reemployed by the Board for the school year 1955–56, and was thus entitled to a continuing contract under KRS 161.740(d); and (2) the Board unlawfully denied her the right to teach in the Fairview schools during 1955–56, and thereby became liable for payment of her salary for that year. The Board contends that (1) Mrs. Cooksey was hired as a substitute teacher in 1954; (2) she was not rehired in 1955; and (3) she was entitled to neither a continuing contract nor a salary for 1955–56.

Mrs. Cooksey graduated from Morehead College with an A. B. degree in 1948, and she holds a Standard Elementary Certificate. She had been a teacher in the Fairview Independent School District for some 11 years prior to May 2, 1955, the date she alleged she was employed for the year 1955–56. However, the Board contends that Mrs. Cooksey did not have the status of a regular teacher during the six successive years immediately preceding that date.

Mrs. Cooksey argues that she has taught over 11 years in the Fairview District since 1938, with three periods of absence for maternity leave; that she was hired for 1954–55 and given a regular contract for that year; and that she was rehired for 1955–56 and thus became entitled to a continuing contract under KRS 161.740(d). That section follows:

" (d) Any teacher who has taught six years or more and is eligible for a continuing contract but has not received such contract shall, if employed for the school year 1955–56, receive a written continuing contract."

Mrs. Cooksey relies upon the following orders of the Board in support of her teaching status, contract and salary claims:

"Order No. 339

(August 2, 1954)

Julian Pugh made a motion, upon the recommendation of the Superintendent, that Mrs. Ruth Creech be employed to fill the vacancy created by the resignation of Mrs. Hattie Alexander and that Garnet Cooksey be employed to teach during the leave of absence of Mrs. Una Menshouse and also that Mrs. Irene Wheatley be employed for the 3 months leave of absence of Mrs. Goldie Sharp. A. E. Adkins seconded the motion and the vote was unanimous."

"Order No. 353

(November 8, 1954)

Leslie Caudill made a motion, upon the recommendation of the Superintendent, to grant 1 year contracts to Mrs. Ruth Creech, Mrs. Garnet Cooksey, Mr. Lonnie Barker, and Mrs. Irene Wheatley: and to also grant Continuing Contracts to Mrs. Faye Meeks and Mrs. Faye Riggles. Julian Pugh seconded the motion and the vote was unanimous."

"Order No. 416

(May 2, 1955)

The motion was made by Lawrence Creech to employ the present teachers for the school year 1955-1956 subject to the placement of the Supt. Seconded by Liew Osborne. Vote unanimous."

The Board contends that, since Mrs. Cooksey was not employed for four successive years immediately preceding 1954, and since she was hired under a limited temporary contract for the year 1954-1955, she acquired no rights as a teacher under the teacher tenure law. KRS 161.720, 161.990. It argues also that her employment for 1954-55 by its own terms limited to one year the period for which she was rehired; thus she was not rehired for the 1955-56 school year nor did she become entitled to either a contract or a salary for that or any succeeding year.

Mrs. Cooksey urges that, even if we were to require six successive years of teaching under KRS 161.740(d) and resolve the controversy over the six years immediately preceding May 2, 1955 against her, she was entitled to at least a two year contract under KRS 161.750 due to her 1954-55 employment. Since we believe that Mrs. Cooksey was entitled to a continuing contract under KRS 161.740(d), it will be unnecessary to discuss this latter argument.

■ We believe the record supports both claims of Mrs. Cooksey. KRS 161.740(d) does not require teaching in the *six successive years immediately preceding* the 1955-56 school year in its eligibility provisions. It was sufficient under the statute for Mrs. Cooksey to have taught any six years, hold a certificate as defined in KRS 161.720, and be employed for the school year 1955-56. Were the orders of the Board insufficient to show reemployment for the 1955-56 school year, such reemployment could be established under the terms of KRS 161.750(2). The orders of the Board were sufficient to show reemployment, and it follows that the trial court was correct in holding that Mrs. Cooksey was eligible for and entitled to a continuing teaching contract.

■ We believe the judgment should be reversed insofar as it denied Mrs. Cooksey her salary for the year 1955-56. The record shows that she was ready, willing and able to teach during that school year and that she so notified the Board. She stated that she sought employment unsuccessfully in the Ashland and in the South Point, Ohio, schools. We believe that the efforts of Mrs. Cooksey in attempting to establish her rights as a teacher in the Fairview District and, upon failing to do so, in attempting to mitigate damages by seeking employment elsewhere were sufficient to entitle her to the salary due her under the

contract for 1955–56 to which she was entitled. Mrs. Cooksey's services would have been needed had not the Board hired new replacement teachers. Under the circumstances the members of the Board are personally liable for Mrs. Cooksey's salary. Cottongim v. Stewart, 283 Ky. 615, 142 S. W.2d 171; Smith v. Beverly, 314 Ky. 651, 236 S.W.2d 914.

On the appeal the judgment is reversed insofar as it denied Mrs. Cooksey her salary for 1955–56 and the case is remanded with directions that a judgment on this phase of the case be entered not inconsistent with this opinion. On the cross-appeal the judgment is affirmed insofar as it held Mrs. Cooksey eligible for and entitled to a continuing teaching contract.