**Anne MOORE, Appellant,**

v.

**F. L. BABB et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 16, 1960.

Rehearing Denied March 17, 1961.

**374**

Williams, Rivers & Melton, Paducah, for appellant.

Roy Vance, Reed & Hines, Paducah, for appellees.

STANLEY, Commissioner.

The action is by Mrs. Anne Moore against F. L. Babb and four others, who are the members of the McCracken County Board of Education, (1) for $3,619.50 damages for salary lost by reason of the alleged wrongful refusal of the Board to assign her a place as teacher for the school year beginning July 1, 1959, and (2) for an order compelling the defendants in their official capacity to assign her a place to teach. The trial court was of opinion that the plaintiff's employment had been under a series of contracts, the last of which expired June 30, 1959, and she had not acquired a right of continued tenure under KRS 161.740, as construed in Board of Education of Pike County v. Justice, Ky., 268 S.W.2d 648. A summary judgment on the pleadings and affidavits dismissed the complaint. The appeal follows.

The basic question is as to the "continuing service status" of the plaintiff, which would have entitled her to a teaching position during the current year. It is determinable by KRS 161.740. The Justice case was decided before the statute was amended in 1954 and may not, therefore, be regarded as entirely applicable.

The McCracken County Board of Education is not a party to the action. The defendants admitted they were duly qualified members of the Board but made no specific objection to the absence of the Board as a necessary party. However, they pleaded that the complaint did not state a cause of action against them. As appellees, they raise the point that they could not be held personally accountable for the official action of the Board, although conceding that if they had illegally withheld the plaintiff's salary, as claimed, recovery might be had of them individually. The appellant, in response, cites CR 9.01, which provides that it is not necessary to aver the capacity or authority of a party to sue or be sued in a representative capacity, and that when a party desires to raise an issue of the absence of capacity, he shall do so by specific negative averment. We do not think the rule applicable where parties are sued individually. Clay, CR 9.01, Comment 2.

A county board of education is "a body politic and corporate," which may sue and be sued. It is vested with the duty and authority of administering the schools within its district, including the employment of teachers, according to the terms of the statutes. KRS 160.160. County Board of Education of Bath County v. Goodpaster, 260 Ky. 198, 84 S.W.2d 55; Howell v. Haney, Ky., 330 S.W.2d 941.

A public corporation may act only as a body, properly convened and functioning as such; and separate individual action

of its members is ineffectual. Lone Jack Graded School District v. Hendrickson, 304 Ky. 317, 200 S.W.2d 736. Therefore, the action for injunctive relief must have been against the McCracken County Board of Education in its corporate name; and if the members of the Board were to be joined, they should have been sued as officials rather than as individuals. City of Catlettsburg v. Davis' Adm'r., 262 Ky. 726, 91 S.W.2d 56. It is readily apparent that regardless of the merits of the plaintiff's claim of a vested right to teach, her action against the members of the Board as individuals for a specific order requiring the Board to assign her a school for the year 1959–1960 was not maintainable.

■ The members of a county board of education who deprive a teacher of a contract to which she has acquired the right under the terms of the statutes may be held personally liable in damages for the teacher's loss of salary in the absence of estoppel or other bar and upon proper proof. The basis of personal liability is the failure to perform a ministerial duty, and the board is exempt from liability where it has paid another teacher placed in the position. Cottongim v. Stewart, 283 Ky. 615, 142 S.W.2d 171; Duff v. Chaney, 291 Ky. 308, 164 S.W.2d 483; Smith v. Beverly, 314 Ky. 651, 236 S.W.2d 914; Cooksey v. Board of Education of Fairview Ind. School Dist., Ky., 316 S.W.2d 70.

■ The core of the case is whether or not the plaintiff had a "continuing contract status" on March 31, 1959, when she was notified she would not be re-employed. The record and facts in relation thereto were admitted. It was, therefore, proper for the court to adjudge the main issue summarily. Material allegations with respect to the plaintiff's right of recovery of damages were traversed, and several affirmative defenses were offered. The trial court had no reason to consider the issues raised thereby.

Mrs. Moore's scholastic qualifications were not questioned. Her first employment by the McCracken County Board of Education was for the school year 1954–1955. Thereafter she was employed under two two-year contracts for the school years beginning in 1955 and 1956, and again beginning in 1957 and 1958. Thus, she had been employed for five consecutive years when notified in March, 1959, that there would be no renewal of her contract. Subsequent conferences and actions of the parties are not material to the point now to be decided.

The statute, KRS 161.740, as amended in 1954, declares that teachers who meet specified qualifications shall become eligible "for continuing service status in any school district." Pertinent to this case is subsection (1) (b), reading:

"(b) When a teacher is recommended for reemployment after teaching four years in a district, the superintendent shall recommend said teacher for a continuing contract, and, unless the board of education by a four-fifths vote of its full membership rejects the continuing contract of the teacher, a written continuing contract shall be issued. If the board of education rejects the continuing contract of the teacher recommended, the superintendent may recommend employment of such teacher, under a limited contract for not to exceed two years, but upon subsequent reemployment only a written continuing contract shall be entered into."

Subsection (d) is more absolute where a teacher had taught six years or more before the school year 1955–1956.

The amendment of KRS 161.740 repealed subsection (2), which required the superintendent's recommendation before a continuing service status could be attained. It will be observed that now subsection 1(b), above quoted, provides that when a teacher has been recommended for re-employment after teaching four years in the district, it is mandatory upon the superintendent to recommend a continuing contract and up-

on the board to execute such contract, unless, by the majority stipulated, it rejects such contract.

■ The order of the McCracken County Board of Education employing the plaintiff and a number of other teachers for the school term of 1958–1959 was made on April 17, 1958. As shown above, at that time Mrs. Moore had been employed as a teacher the four previous years and was then eligible for a continuing or permanent contract. Her situation was like that of the teachers in Taylor v. Hampton, Ky., 271 S.W.2d 887, 888. There several teachers who had taught more than four consecutive years in the Knox County schools were refused continuing tenure contracts and each year thereafter had a series of one-year contracts up to the school year beginning in 1952. They were then notified they would not be re-employed for the 1953–1954 term. The teachers brought suit to compel the superintendent and the board to enter into a "continuing service contract" under the Teachers Tenure Act. They appealed an adverse judgment. We stated a "continuing service contract," under the terms of the statute, means "a contract for the employment of a teacher shall remain in force until the teacher resigns, retires or until the contract is terminated as provided in KRS 161.790, 161.800." We pointed out that the tenure statute "is positive in its terms that after the four year probationary period, only one more limited contract could be entered into which could be for the period of one year or two years." And, further, "The statute is equally certain that after the four year period and the one limited period, subsequent employment may only be under a continuing contract." (The provision for the statement, "one more limited contract," was repealed by the 1954 amendment.) We held that where a teacher has taught school the minimum time under successive employments and has become eligible therefor, his or her subsequent employment may be only under a continuing contract, and that the Board of Education cannot enter into any other kind of contract with those teachers. Our conclusion was that notwithstanding the teachers' employment for the year preceding notice of their dismissal was termed "limited," it should be regarded in law as a "continuing contract," because the teachers "had achieved the status of continuing service when an attempt was made, in March, 1953, summarily to dismiss them." It is a rule of general application that contracts of public bodies, like those of individuals, are made with reference to existing statutes and that statutory provisions enter into the contracts by operation of law. Board of Education for Jefferson County v. Littrell, 173 Ky. 78, 190 S.W. 465; Whitaker v. Louisville Transit Company, Ky., 274 S.W. 2d 391.

When the last limited contract was given Mrs. Moore in 1957, she had been teaching three consecutive years. Giving her a two-year limited contract at that time was tantamount to recognizing that at the end of the first year of that contract (when she would have been teaching four years) she would be entitled under the law to a continuing service contract. So, it must be said that the appellant had achieved a continuing service status when notified in March, 1959, that her services would be discontinued; hence, she was entitled to continue teaching and could maintain this action for damages unless one or more of the affirmative defenses should be sustained. These issues are yet to be tried.

The judgment is reversed and the case remanded for proceedings consistent with the opinion.

Judgment reversed.