**Otis JOHNSON, Appellant,**

v.

**William KING et al., Appellee.**

Court of Appeals of Kentucky.

Sept. 29, 1961.

James Thompson, Shackelford, Burnam & Thompson, Richmond, John C. Little, McKee, for appellant.

Earl B. Rose, Rose & Short, Beattyville, for appellee.

MOREMEN, Judge.

Appellant, Otis Johnson filed a complaint in the Jackson Circuit Court in which it was averred that Johnson was elected, qualified and acting superintendent of schools of Jackson County.

It was further alleged that on the 4th day of March 1961, William King, Fenley Spurlock and Orville Gilbert, who constituted a majority of the Jackson County Board of Education, had arbitrarily and capriciously discharged appellant without any charge having been lodged against him and at said meeting had elected J. B. Tussey as superintendent of schools. It was prayed that King, Gilbert and Spurlock be enjoined from discharging appellant and that Tussey be enjoined from acting as superintendent.

The circuit court was of opinion that appellant, Otis Johnson was elected superintendent at a meeting which was improperly called because the notice required under subsection (1) of KRS 160.270 was defective and therefore he was not entitled to hold the office. The court dismissed the complaint.

By answer and counterclaim it had been pled, among other things, that the acts complained of were the acts of the Jackson County Board of Education and that it was a necessary party to the suit.

The condition of the record is such that we are unable to pass judgment upon the merits of this controversy. Three members of the School Board were sued as individuals and two of the members were omitted—even as individuals. The School Board itself was not made a party. We have held that a public corporation may act only as a body and not by individual members acting separately. Here, not all of the members were joined.

In Moore v. Babb, Ky., 343 S.W.2d 373, 374, it was written:

"A county board of education is 'a body politic and corporate,' which may

sue and be sued. It is vested with the duty and authority of administering the schools within its district, including the employment of teachers, according to the terms of the statutes. KRS 160.-160. County Board of Education of Bath County v. Goodpaster, 260 Ky. 198, 84 S.W.2d 55; Howell v. Haney, Ky., 330 S.W.2d 941.

"A public corporation may act only as a body, properly convened and functioning as such; and separate individual action of its members is ineffectual. Lone Jack Graded School District v. Hendrickson, 304 Ky. 317, 200 S.W.2d 736. Therefore, the action for injunctive relief must have been against the McCracken County Board of Education in its corporate name; and if the members of the Board were to be joined, they should have been sued as officials rather than as individuals. City of Catlettsburg v. Davis' Adm'r., 262 Ky. 726, 91 S.W.2d 56. It is readily apparent that regardless of the merits of the plaintiff's claim of a vested right to teach, her action against the members of the Board as individuals for a specific order requiring the Board to assign her a school for the year 1959–1960 was not maintainable."

We have concluded that the court should have sustained appellees' plea that it was improper to sue them as individuals and that the suit should have been directed to the School Board as a body politic. The court, under the circumstances, had no right to decide the merits of a controversy between the School Board and appellant in a suit to which the School Board was not a party.

Ordinarily where a decision of a trial court culminates in a judgment which is correct, we will affirm even though the reason given is not the same as this court believes to be correct. But here, where the appellant obtained a decision unfavorable to him in a suit against improper defendants, we should not apply that rule. Appellant's suit should have been dismissed—he failed to sue the right party. At the same time there is a judgment in the circuit court that he is not entitled to the office of superintendent which unless reversed by this court will remain in force. It seems that justice requires that this judgment be set aside so that the proper party may be joined. Since the error was caused by failure to sue the correct party the costs of this appeal should be borne by appellant.

We have not passed upon any question except the inadequacy of party defendants. All other questions are reserved.

Judgment reversed.