F. L. BABB, John Harris, A. F. Buckingham, Carl Osborne and Leon Gibson, Appellants,

v.

Anne MOORE and the McCracken County Board of Education, Appellees.

Court of Appeals of Kentucky.

Jan. 17, 1964.

Roy N. Vance, David R. Reed, Paducah, for appellants.

Charles A. Williams, Paducah, for appellees.

WILLIAMS, Judge.

This court heretofore decided that the appellee, Anne Moore, had attained a continuing service status by operation of the teachers' tenure law, KRS 161.740. Moore v. Babb, Ky., 343 S.W.2d 373. Upon remand to the McCracken Circuit Court it was adjudged that Mrs. Moore had been wrongfully discharged and was entitled to damages for breach of contract. The individual members, as well as the county school board, were held liable.

The single question on appeal is whether school board members may be personally liable for wrongfully discharging a teacher in good faith execution of a ministerial duty, if school board funds are unexpended and available to pay damages. The individual school board members contend they are not personally liable because they acted in good faith and upon an erroneous interpretation of the law by the Attorney General.

Under the circumstances pertaining here, the circuit court correctly determined that both the school board and the individual members thereof were liable. In fact, in Moore v. Babb, supra, we said:

"The members of a county board of education who deprive a teacher of a contract to which she has acquired the right under the terms of the statutes may be held personally liable in damages for the teacher's loss of salary in the absence of estoppel or other bar and upon proper proof. The basis of personal liability is the failure to perform a ministerial duty, and the board is exempt from liability where it has paid another teacher placed in the position. Cottongim v. Stewart, 283 Ky. 615, 142 S.W.2d 171; Duff v. Chaney, 291 Ky. 308, 164 S.W.2d 483; Smith v. Beverly, 314 Ky. 651, 236 S.W.2d 914; Cooksey v. Board of Education of Fairview Ind. School Dist., Ky., 316 S.W.2d 70."

A general statement of the rule is found in 43 Am.Jur., Public Officers, Sec. 285, "It is a general rule that good faith and absence of malice constitute no defense in an action to hold a ministerial officer liable for damages caused by his nonfeasances

and misfeasances, for an officer is under a constant obligation to discharge the duties of his office, and it is not necessary to show that his failure to act was wilful or malicious."

In each of the cases cited in the excerpt from Moore v. Babb, supra, school funds which might have been used to pay discharged school employees apparently had been expended. It is well established that public funds may not be expended twice for the same purpose. Amburgey v. Draughn, 288 Ky. 128, 155 S.W.2d 740. Here the school board had set aside sufficient funds to pay Mrs. Moore and had employed no one to replace her. But liability is based on the wrongful discharge of a ministerial duty rather than a failure to appropriate sufficient funds to pay damages to a discharged school employee. It may be stated that both the school board and the individual members may be liable for the wrongful exercise of a ministerial duty, but the school board liability is limited to any sums unexpended for the position of the wronged employee. Bronaugh v. Murray, 294 Ky. 715, 172 S.W.2d 591.

The question of primary liability was not decided by the lower court. If it were to be sent back for a determination of that point, the delay occasioned by another appeal would be unreasonable. Therefore, we feel the issue should be decided now. It is obvious the board members acted in good faith and relied on an interpretation of a statute by the chief law officer of the Commonwealth, the Attorney General. When the board's action was questioned, it set aside sufficient funds to cover any damages incurred. Those funds are available and should be used to satisfy the damages incurred.

The judgment is affirmed.